Filed 6/5/13  B.C. v. Super. Ct. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| B.C., | |
| Petitioner, | E057865 |
| v. | (Super.Ct.No. J-245278) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Christopher Marshall, Judge.  Petition denied.

Dennis Moore for Petitioner.

No appearance for Respondent.

Jean-Rene Basle, County Counsel, and Jeffrey L. Bryson, Deputy County Counsel, for Real Party in Interest.

1

Petitioner B.C. (mother) is the mother of a baby boy, I.L. (the child), who was born in July 2012 and immediately removed from mother's care based on her substance abuse and mental health issues and failure to reunify with the child's sibling born fifteen months earlier. In this writ petition, mother challenges the juvenile court's decision to take jurisdiction of the child under Welfare and Institutions Code, section 300, subdivision (b).[1] Specifically, mother argues substantial evidence does not support the juvenile court's true findings that mother's substance abuse and mental health issues constituted a substantial risk of detriment to the child. However, mother does not address the other bases for the jurisdictional order, that is, the court's true findings on failure-to-protect allegations that mother failed to reunify with the child's year-older sibling and failed to obtain prenatal care for the child. As discussed below, because these two unchallenged true findings adequately support the court's jurisdictional order, we deny mother's writ petition.

### FACTS AND PROCEDURE

Mother gave birth to her fourth child in July 2012. At the time she had an open family maintenance case with two sons, ages 17 and 12,[2] and had recently failed to

---

[1] All section references are to the Welfare and Institutions Code unless otherwise indicated.

[2] These boys are the child's half-siblings. They were removed from mother's home about one week after the child was born. On August 13, CFS filed a supplemental petition under section 387 regarding both boys. The older boy turned 18 in September and the court officially took jurisdiction over the younger boy and in disposition officially removed him from mother's custody at the same time as the October 5 and 9, 2012 jurisdiction hearing for the child.

reunify with a 15-month-old child (sibling) after receiving reunification services from April 2011 to April 2012. Mother had completed a drug treatment program as part of the reunification plan for the sibling, but the previous social worker told the investigating social worker that mother had failed to benefit from services and consistently refused to drug test.[3]

Mother entered the hospital in July 2012 in great distress. She had suffered a placential abruption, and needed immediate medical care to save her life and that of her unborn child. Mother became very agitated and non-cooperative with hospital staff. She choked one of the nurses and wanted to leave the hospital. Security was called and mother was convinced to remain and undergo an emergency C-section. The child was born pre-maturely and weighed 4.13 pounds. The child tested negative for drugs. Mother refused to test for drugs. Mother told medical personnel that she had abused drugs and alcohol during the pregnancy. Mother had chosen not to receive any prenatal care, despite having an open family reunification and family maintenance plan, with available services, at the time of her pregnancy.

When the social worker attempted to interview mother the next day in the hospital, mother again became very agitated. She yelled profanities at the social worker. The entire maternity floor was disrupted and three security staff members were dispatched to

---

[3] The father of the sibling and the child had not completed drug treatment and also refused to drug test. The allegations regarding the father mirror those regarding mother, with the exception that father was not alleged to have mental health issues. Because father has not challenged the jurisdiction order, he is mentioned here only where necessary for clarity.

contain the situation. When the social worker returned with a warrant to detain the child, hospital personnel told her that mother had said she was going to blow off the social worker's head and kill her with a gun. The police were called. They approached mother with weapons drawn and searched her room and the father. No weapons were found. However, the hospital closed down the maternity unit because mother's behavior put other patients in danger. Even with police presence, mother cursed and yelled at the social worker. Police asked the hospital to evaluate mother for a mental health hold.

On July 2012, Children and Family Services (CFS) filed a section 300 petition alleging mother and the father had failed to protect the child. Regarding mother, CFS alleged that (b.1) mother's history of substance abuse limits her ability to provide adequate care and supervision, (b.3) mother's drug lifestyle and/or mental health issues impair her ability to parent, (b.5) mother's history of drug abuse and neglect caused her to lose custody of the child's sibling, (b.7) mother received no prenatal care for the child and her drug lifestyle impairs her ability to parent, and (b.9) mother has ongoing mental health issues that limit her ability to care for and supervise the child.

At the detention hearing held on July 26, 2012, the juvenile court ordered the child detained and ordered mother to drug test. The child was placed in foster care. At a hearing held on September 27, 2012, the trial court ordered mother to drug test that day.

The jurisdictional hearing that mother challenges by this petition was held on October 5, 2012. Mother was in court earlier that day, but left before the hearing began because she got frustrated waiting. The juvenile court received into evidence the detention report dated July 26 and the jurisdiction/disposition report dated August 15.

4

Counsel stipulated that mother had failed to drug test on August 10, September 13, 27 and 28, and had tested negative on August 15 and 25. The court heard testimony from mother's current and previous social workers. The previous social worker testified that, prior to the child's birth and during the reunification period for the sibling, both she and the perinatal substance abuse counselor referred mother to have a mental health assessment performed. They did so because mother's behaviors when visiting the CFS office were "manic." Mother never obtained the assessment. On October 9, 2012, the trial court issued its jurisdiction decision. It found to be true each of the allegations regarding mother's failure to protect the child, and took jurisdiction over the child.

At the disposition hearing held on January 9, 2012, the juvenile court officially removed the child from mother's custody and ordered no reunification services under section 361.5, subdivisions (b)(10) and (11), because mother had previously had reunification services terminated and parental rights severed regarding a sibling and had not subsequently made a reasonable effort to treat the problems that cause the sibling's removal. The court set a hearing under section 366.26 for May 9, 2013, which this court subsequently stayed on mother's motion.

On January 15, 2012, mother filed her notice of intent to file the petition in the current writ proceeding, in which she now challenges only the jurisdictional finding.

## DISCUSSION

In this petition, mother challenges the sufficiency of the evidence supporting the juvenile court's true findings on the allegations in the section 300 petition that her drug use and mental health issues make her unable to protect the child and pose a danger to

5

him.  The specific allegations can be broadly interpreted as b.1, b.3, and b.9.  However, mother does not challenge the other two allegations as to which the court made true findings—b.5 - that mother's history of drug abuse and neglect caused her to lose custody of the child's sibling; and b.7 - that mother received no prenatal care for the child.  A single finding, if upheld, or in this case unchallenged, is enough to support the taking of jurisdiction over a child under section 300.  (See *In re I.A.* (2011) 201 Cal.App.4th 1484, 1491-1492 and cases cited therein.)  For this reason, we need not address the findings that mother contests in her petition because she leaves undisputed the two findings as to her failure to reunify with the sibling and failure to seek prenatal care for the child.

### DISPOSITION

The petition for extraordinary writ is denied.  The stay imposed by order of this court on April 23, 2013, is LIFTED.

RAMIREZ _____
P. J.

We concur:

MILLER _____
J.

CODRINGTON _____
J.

6